UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DARRYL L. BROWN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-1910 (RWR) |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION

Plaintiff Darryl Brown, an inmate proceeding *pro se*, filed this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking from the Department of Justice copies of certain law enforcement interview summaries, a copy of a proffer agreement he signed in connection with his attempt to cooperate with prosecutors, and letters that an informant wrote about him to the prosecutor. The agency had withheld some of the information sought as being private or as being data gathered for law enforcement purposes.

On December 2, 2005, defendant filed a motion for summary judgment. The court advised plaintiff that if he did not respond by February 3, 2006, the court would treat the matter as conceded and dismiss the case. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff did not file an opposition to the defendant's motion by that date.

Prior to the filing of defendant's summary judgment motion, plaintiff submitted to this court for filing a document he called a "Debtor's Security Agreement." A notice plaintiff filed

suggested that he was trying to call himself a secured creditor with rights to the FOIA documents under the Uniform Commercial Code. The court denied leave to file the document, and plaintiff filed a notice of appeal regarding that denial. Finding that his interlocutory appeal was baseless and therefore frivolous and in bad faith, the court denied plaintiff leave to proceed *in forma pauperis* on his appeal. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). That appeal has been dismissed for lack of prosecution.

On June 22, 2006, the court again directed that plaintiff file a response to defendant's summary judgment motion by July 6, 2006 or the matter would be deemed conceded. A document from the plaintiff titled "Secured Party's Opposition Motion to the Defendant's Motion for Summary Judgement" was received by mail in the court's chambers on July 6, 2006. The document has apparently not been filed with the Clerk's Office because it does not appear on the docket. Plaintiff's opposition does not address the defendant's arguments on the adequacy of the search or the applicability of the FOIA exemptions as a basis for withholding records from the plaintiff. Instead, plaintiff requests that the court find that there is "sufficient evidence that the Secured Party ha[s] a security interest" in the letters sent by an informant to the prosecutor in plaintiff's case. Secured Party's Opp., p. 2. Plaintiff asserts that this is the only information he is requesting. *Id.*

Despite being given over five months to do so, plaintiff has not complied with the court's orders by filing a proper response to defendant's motion. When a plaintiff, including one proceeding *pro se* files a response to a dispositive motion but fails to address arguments made in the motion, the court may treat those arguments as conceded. *Fletcher v. District of Columbia*,

2005 WL 670676, at *6 n. 9 (D.D.C. March 22, 2005)(quoting *Fox v. American Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003). In addition defendant's motion for summary judgment demonstrates that the government has adequately searched for documents responsive to plaintiff's FOIA request. The defendant submitted an affidavit from an employee who searched the records. (*See* Def's. Mot. for Summ. J., Boseker Decl.).

The government's affidavit shows that "[it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In the absence of contrary evidence, such an affidavit is sufficient to demonstrate an agency's compliance with FOIA. *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). The agency has shown that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The undisputed facts also demonstrate that defendant properly withheld certain records pursuant to FOIA exemptions. (*See* Boseker Decl.; Hardy Decl.). In a FOIA case, the court may award summary judgment solely on the basis of information provided by the agency in declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981). Such declarations are accorded "a presumption of good faith, which cannot be rebutted by purely

speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)(internal citation and quotation omitted).

Because plaintiff has failed to oppose the arguments made in defendant's motion and because, in any case, defendant has complied with its responsibilities under FOIA, defendant's motion for summary judgment will be granted.[1]  An appropriate order accompanies this Memorandum Opinion.

SIGNED this 4th day of August, 2006.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

[1] Plaintiff filed an "Application for Judgment by Default Against Defendant." The proffered ground for the filing was that defendant did not file a reply brief regarding the summary judgment motion.  Plaintiff's request will be denied because there is no basis for a finding of default and because the filing of a reply brief is not mandatory.  *See* LCvR 7(d)("[w]ithin five days after service of the memorandum in opposition the moving party *may* service and file a reply memorandum.")(emphasis supplied).